# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 14 C 665 |
| v. | ) ) | Judge Jorge L. Alonso |
| CHICAGO ARCHITECTURAL METALS, INC., 4744-46 W RICE LLC, RANDIE VON SAMEK, and JONATHAN VON SAMEK, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION ORDER

Plaintiff has filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment against Chicago Architectural Metals, Inc. ("CAM"), 4744-46 W Rice LLC, and Jonathan Von Samek[1] on its one-count complaint against them for breach of contract. For the reasons set forth below, the Court grants the motion.

## Facts

In November 2009, defendant CAM, which is now a dissolved Illinois corporation, sought to enter into a construction subcontract with Gilbane Building Company to install metal work at Joliet Junior College. (Defs.' LR 56.1(b)(3)(B) Stmt. ¶¶ 2, 7.) The subcontract required CAM to get payment and performance bonds to guarantee completion of the work. (*Id.* ¶ 8.) CAM sought the bonds from plaintiff. (*Id.* ¶ 9.)

---

[1]Plaintiff does not seek summary judgment against Randie Von Samek. (*See* Pl.'s LR 56.1(a) Stmt. ¶ 5.)

As a condition of issuing the bond, plaintiff says it required CAM to enter into an indemnity agreement, which states:

> In consideration of the execution and delivery by Surety of a Bond or any Bonds on behalf of Principal, Principal and Indemnitor shall pay all premiums charged by Surety in connection with any Bond (including extensions, renewals or modifications) issued by Surety on behalf of Principal and shall indemnify and hold harmless Surety from and against any and all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind or nature, together with interest thereon at the maximum rate allowed by law, which Surety may sustain or incur by reason of or in consequence of the execution and delivery by Surety of any Bond on behalf of Principal, whether or not Surety shall have paid any amount on account thereof . . . .

(Pl.'s LR 56.1(a) Stmt. ¶ 10; *id.*, Ex. B, Barker Aff., Ex. 2, Indemnity Agreement at 1.)[2] The agreement is dated November 20, 2009 and appears to have been signed by Alfredo Van Samek, who is now deceased, on behalf of CAM as principal and both individually and as a member of defendant 4744-46 W Rice LLC as indemnitors, defendant Jonathan Von Samek, both individually and as a member of 4744-46 W Rice LLC as indemnitors, and defendant Randie Von Samek, as an indemnitor. (Pl.'s LR 56.1(a) Stmt. ¶ 29; *id.*, Ex. B, Barker Aff., Ex. 2, Indemnity Agreement at 1, 8.) However, Jonathan Von Samek says that his signature is forged. (Defs.' LR 56.1(b)(3)(C) Stmt. ¶¶ 1-2.)

---

[2]Plaintiff attests that the original of the indemnity agreement was lost. (*See* Pl.'s LR 56.1(a) Stmt., Ex. B, Barker Aff. ¶ 5; Defs.' LR 56.1(b) Stmt., Ex. A, Jonathan Von Samek Aff., Ex. 2, Email from Reidinger to J. Von Samek (Feb. 19, 2010) (plaintiff's broker telling Jonathan that "[s]omehow the original indemnity agreement was lost").) Thus, the copy is admissible. *See* Fed. R. Evid. 1004 ("An original is not required and other evidence of the content of a writing . . . is admissible if . . . all the originals are lost or destroyed, and not by the proponent acting in bad faith . . . .").

In any event, on February 17, 2010, plaintiff issued performance and payment bonds on behalf of CAM in favor of Gilbane and Joliet Junior College. (Defs.' LR 56.1(b)(3)(B) Stmt. ¶ 14; *see* Pl.'s LR 56.1(a) Stmt., Ex. 1, Performance & Payment Bonds.)

On February 19, 2010, the broker who issued the bonds told Jonathan that "the original indemnity agreement was lost" and asked him to execute another one. (Defs.' LR 56.1(b) Stmt., Ex. A, Jonathan Von Samek Aff., Ex. 2, Email from Reidinger to J. Von Samek (Feb. 19, 2010).) Jonathan says he refused that request and multiple others that the broker made over the next several months. (*Id.*, Ex. A, Jonathan Von Samek Aff. ¶¶ 11-24.)

In February 2011, Gilbane told plaintiff that CAM would not substantially complete its work by the subcontract's substantial completion date of February 15, 2011. (Defs.' LR 56.1(b)(3)(B) Stmt. ¶ 15.)

On March 8, 2011, after negotiations between the CAM and plaintiff, CAM sent a letter to plaintiff that states:

> [CAM] acknowledges that it is unable to complete its contract with Gilbane for miscellaneous metals work at Joliet Junior College ("the Contract") without the financial assistance of [plaintiff], the surety that issued the performance and payment bonds on behalf of CAM securing its obligations to perform the Gilbane contract and to pay for labor and materials require for that contract. Accordingly, CAM acknowledges that it is in default of its obligations under the Contract, its obligations on the bonds and the General Indemnity Agreement it entered into in favor of [plaintiff] dated November 20, 2009 ("GIA"). CAM acknowledges it is only able to cure this default by obtaining the financial assistance from [plaintiff] described in this letter and the exhibit to this letter.
>
> . . . .
>
> CAM and the Indemnitors acknowledge their obligations under the terms of the GIA with [plaintiff] dated November 20, 2009, and acknowledge that the funds advanced for completion of the Contract, the fees of attorneys and consultants and the expenses incurred by [plaintiff] in connection with the completion of the Contract and the set-

3

> up and administration of [plaintiff's] extension of financial assistance as requested in this letter are debts they owe [plaintiff] under the terms of the GIA.
>
> . . . .
>
> The terms identified above confirm the understanding between CAM and [plaintiff] as to the rights, duties and obligations of each party regarding the contemplated funding arrangement. . . .

(Pl.'s LR 56.1(a) Stmt., Ex. B, Barker Aff., Ex. 3, Letter from CAM to Pl. (Mar. 8, 2011).) The letter is signed by "Jonathan Samek[,] President[,] Chicago Architectural Metals, Inc." (*Id.*)

On December 11, 2011, Joliet Junior College notified plaintiff that CAM was in default of the subcontract. (Defs.' LR 56.1(b)(3)(B) Stmt. ¶ 22.) CAM completed the subcontract with the financial assistance it received from plaintiff. (*Id.* ¶ 23.) Plaintiff says it incurred more than $500,000 in costs to complete the subcontract and resolve the bond claim. (Pl.'s LR 56.1(a) Stmt. ¶¶ 24-25.)

## **Discussion**

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, the Court does not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court views all evidence and draws all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

To succeed on its breach of contract claim, plaintiff must establish "'(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the

defendant; and (4) resultant damages.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004)). Defendants argue that plaintiff cannot prove the first element because, viewed favorably to them, the record suggests that Jonathan did not sign the indemnity agreement.[3]

Even if that is true, plaintiff says the record establishes that Jonathan ratified the agreement in the March 8, 2011 letter to plaintiff requesting financial assistance to complete the Joliet subcontract. *See Anderson v. Rizza Chevrolet, Inc.*, 9 F. Supp. 2d 908, 912 (N.D. Ill. 1998) (stating that a forged contract is voidable under Illinois law unless it is ratified). "Ratification occurs when 'the party to be charged with ratification clearly evinces an intent to abide and be bound by the act.'" *Id.* (quoting *Hofferkamp v. Brehm*, 652 N.E.2d 1381, 1389 (Ill. App. Ct. 1995)). An intent to be bound can be express or can be inferred from a party's actions. *Id.*; *see Old Sec. Life Ins. Co. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 740 F.2d 1384, 1392 (7th Cir. 1984) ("Ratification occurs when the principal, with knowledge of the material facts of an unauthorized transaction, takes a position inconsistent with the nonaffirmation of the transaction or retains the benefits of the unauthorized transaction.") (citations omitted). "Ultimately, ratification is a question of fact, which is determined by looking at the totality of the circumstances." *Anderson*, 9 F. Supp. 2d at 912 (citations omitted).

Plaintiff argues that Jonathan's failure to disavow the indemnity agreement in the March 2011 letter constitutes a ratification of it. The Court agrees. There is no dispute that, when he wrote the letter, Jonathan knew about the alleged forgery of the indemnity agreement, yet he said nothing

---

[3]Defendants say that Randie's signature was also forged, but they do not dispute the genuineness of Alfredo's signature.

about it in the letter. On the contrary, in the letter he expressly "acknowledges" the indemnitors' obligations "under the terms" of the allegedly forged agreement. (Pl.'s LR 56.1(a) Stmt., Ex. B, Barker Aff., Ex. 3, Letter from CAM to Pl. (Mar. 8, 2011).) The fact that he signed the letter in his capacity as president of CAM, not individually, does not vitiate his obligation to disavow an agreement that he says he knew was forged. Moreover, plaintiff relied to its detriment on Jonathan's failure to disavow the agreement by incurring more than $500,000 in expenses to enable CAM to fulfill the Joliet subcontract. *See Old Sec. Life Ins. Co.*, 740 F.2d at 1392 ("[T]he doctrine of ratification allows a principal to affirm a transaction done on his behalf while assuring that no loss accrues to innocent third parties.") (footnote omitted). Thus, even if Jonathan did not sign the indemnity agreement, the record establishes that he ratified it. Therefore, plaintiff is entitled to judgment as a matter of law on its breach of contract claim against CAM, Jonathan, and 4744-46 W Rice LLC.

## **Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [47] against CAM, Jonathan Von Samek, and 4744-46 W Rice LLC. This case is set for a status hearing on March 24, 2016 at 9:30 a.m. to discuss the disposition of plaintiff's claim against Randie Von Samek.

**SO ORDERED.**                           **ENTERED: March 8, 2016**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**